**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-60712
Summary Calendar

STEVEN RHEA,

Plaintiff-Appellant,

versus

UNION PLANTERS BANK,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi
1:98-CV-147-B

May 12, 2000

Before POLITZ, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Steven Rhea appeals an adverse summary judgment in his suit against Union Planters Bank. We affirm.

Background

Between 1994 and 1996 Rhea secured six loans from Union Planters or its predecessors. The sixth loan executed on October 17, 1996, an installment loan, refinanced the fifth loan which was a single-pay obligation. The fifth and sixth loans were secured by a 1978 and a 1984 truck, vehicles which had been collateral on all but one of the prior loans. Rhea signed but did not read the loan documents. Rhea failed to make any payments on the sixth loan and the bank took possession of the 1984 truck. Rhea then paid the loan and repossession costs and the vehicle

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was released to him.

Rhea sued Planters Bank, alleging fraud, trespass to personalty, conversion, and intentional infliction of emotional distress, based on the bank's conduct respecting the series of loans. The bank answered and moved to dismiss the complaint. Rhea amended his complaint, adding an allegation that the bank had acted fraudulently in listing the two trucks as collateral on the sixth loan.

The bank moved for summary judgment which the district court granted, concluding that even if the bank did not hold a valid certificate of title, the validity of the loan instrument would not be affected. The court found that Rhea had failed to present sufficient evidence that the bank had made a material misrepresentation with respect to the security on the sixth loan. Rhea was bound by the security agreement executed in connection with the sixth loan. In addition, the court dismissed as moot Rhea's remaining claims. Rhea timely appealed.

Analysis

We review the grant of summary judgment *de novo*.[2] Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits . . . show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[3] Our review of the parties' briefs and the record persuades that no genuine issue of material fact was raised in the district court. Thus, the court properly concluded that Union Planters Bank was entitled to judgment as a matter of law.

The judgment appealed is AFFIRMED.

---

[2]**Horton v. City of Houston**, 179 F.3d 188 (5th Cir.), *cert. denied*, __ U.S. __, 120 S.Ct. 530 (1999).

[3]**Id.** at 191 (citing Fed. R. Civ. P. 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-24 (1986)).